24-493-cv
*Apuzza v. NYU Langone Long Island*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

PRESENT:     GUIDO CALABRESI,
             DENNY CHIN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

ADRIENNE APUZZA,

    *Plaintiff-Appellant*,

      v.                                                          24-493-cv

NYU LANGONE LONG ISLAND,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:          Adrienne Apuzza, *pro se*, New Hyde Park, NY.

FOR DEFENDANT-APPELLEE:          Amy J. Traub, Baker & Hostetler LLP, New York, NY; Carrie A.

Valdez, Baker & Hostetler LLP, Cleveland, OH.

Appeal from the February 21, 2024, amended judgment of the United States District Court for the Eastern District of New York (Choudhury, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Adrienne Apuzza worked as a medical technologist for NYU Langone Long Island ("Langone"), which implemented a policy requiring employees to receive the COVID vaccine. She was informed that failure to schedule an appointment to receive the vaccine by September 22, 2021, would result in termination of her employment. Apuzza, who did not want to receive the vaccine, contacted Langone's human resources department several times, and sent a "Notice of Discrimination and Harassment" to the Employee Relations Department. After Apuzza declined to receive the vaccine, her employment was terminated by letter she received October 1, 2021.

Apuzza brought suit against Langone alleging that it violated the Americans with Disabilities Act ("ADA") by (1) discriminating against her for refusing to comply with the COVID vaccine policy, (2) retaliating against her for the same reason, and (3) violating her medical privacy rights.[1] The District Court granted Langone's motion to dismiss Apuzza's

---

[1] Apuzza raised several other claims in her amended complaint, including broadly challenging Langone's authority to implement a vaccine mandate. She challenges on appeal only the dismissals of the three claims identified herein.

amended complaint for failure to state a claim. *See Apuzza v. NYU Langone Long Island*, No. 2:22CV07519(NJC), 2023 WL 9022790 (E.D.N.Y. Dec. 29, 2023). Apuzza appealed.[2] We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"We review *de novo* the district court's dismissal for failure to state a claim, accepting all well-pleaded factual allegations as true and drawing all inferences in favor of the non-moving party." *74 Pinehurst LLC v. New York*, 59 F.4th 557, 562 (2d Cir. 2023). Because Apuzza proceeds without counsel, we construe her submissions liberally, "reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (citation and quotation marks omitted).

For the reasons stated below, Apuzza's claims are foreclosed by this Court's decision in *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159 (2d Cir. 2024).

## I. Discrimination Claim

We held in *Sharikov* that the plaintiff, who had challenged his former employer's COVID-19 policy, had failed to allege a *prima facie* claim of discrimination under the ADA. We concluded that a plaintiff is not "regarded as being disabled" or subject to a "record of" a disability when his employer requires "*all* employees . . . to be vaccinated," because in such circumstances, the plaintiff is "not singled out because of any perception

---

[2] Apuzza filed a motion in the District Court seeking to vacate its order dismissing her complaint under Rule 60(b) of the Federal Rules of Civil Procedure. The District Court denied Apuzza's motion, and Apuzza does not appeal that denial.

that he had an impairment that substantially limited him as compared to others." *Id.* at 168. We also reasoned that the "record of" theory of disability failed because "[a] record that an employee is not vaccinated does not imply that the employee has 'a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population.'" *Id.* at 170 (quoting 29 C.F.R. §1630.2(k)(2)).

Like the plaintiff in *Sharikov*, Apuzza alleges that her employer "treats" her as having or being "prone to contracting a contagious disease." Def.'s App'x at 16 ¶141. She further alleges that Langone "made a record of disability by classifying plaintiff as an 'untreated' employee because she refused 'Covid vaccines', refused mask-wearing, and submitted to 'PCR testing' under duress." *Id.* at 18 ¶151. These theories of disability are substantively identical to those we rejected in *Sharikov*, and they fail for the same reasons.

## II. Retaliation Claim

Apuzza's retaliation claim also fails under *Sharikov*. There, we held that the plaintiff "failed to plausibly allege that but for his protected activity – his complaints about [his employer's] COVID-19 policies . . . – he would not have been fired. The allegations of the [c]omplaint instead [made] clear that [the plaintiff] was discharged because he refused to comply with the" employer's company-wide COVID-19 policy. *Sharikov*, 103 F.4th at 170. Like the plaintiff in *Sharikov*, Apuzza alleges that she "was terminated for refusing treatments, tests and inquiries" under Langone's COVID-19 policy. Def.'s App'x at 25 ¶213. Apuzza's complaint makes clear that she believes she was fired because "she refused to comply with" Langone's vaccine policy, not because of her protestations against

4

that policy.  *See Sharikov*, 103 F.4th at 171.  This claim therefore likewise fails.

**III.    Medical Privacy Claim**

Finally, Apuzza's failure to adequately plead that she is "regarded as being disabled" or subject to a "record of" a disability, as defined by the ADA, is fatal to her claim that Langone violated her medical privacy rights by subjecting her to impermissible disability-related medical inquiries and examinations.  *See Kosiba v. Cath. Health Sys. of Long Island, Inc.*, No. 23-6, 2024 WL 3024652, at *1 n.1 (2d Cir. June 17, 2024) (summary order).

We have considered Apuzza's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5